**EXHIBIT A**

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
C. Cuellar, Deputy
9/2/2020 2:39:10 PM
Filing ID 11966789

**SHIELDS PETITTI, PLC**
Michael J. Petitti, Jr. – 011667
Paige C. Pataky – 029951
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
Telephone: (602) 718-3330
Facsimile: (602) 675-2356
E-Mail: mjp@shieldspetitti.com
E-Mail: pcp@shieldspetitti.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| ALISON BRAUGHTON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF GOODYEAR,<br><br>    Defendant. | No. CV2020-010714<br><br>**COMPLAINT** |

Plaintiff Alison Braughton, for her cause of action against the City of Goodyear, alleges:

### GENERAL ALLEGATIONS
(Parties and Jurisdiction)

1. Plaintiff is a resident of Maricopa County, Arizona and was a resident of Maricopa County during all relevant times.

2. Defendant City of Goodyear is a municipal corporation located in Maricopa County, Arizona.

3. Defendant has committed actions and caused events to occur in Maricopa

1170398.1

County, which are the foundation of this action and out of which this action arises. Accordingly, jurisdiction and venue are proper in this Court.

### (Assignment of Tier)

4. Pursuant to Rule 26.2 of the Arizona Rules of Civil Procedure, this case should be assigned to Tier 2.

### (Nature of Action)

5. This is an action brought by Plaintiff to vindicate violations of Arizona's Employment Protection Act, her free speech rights, and to remedy Defendant's defamation of Plaintiff. Plaintiff also seeks to vindicate violations of Title VII of the Civil Rights Act ("Title VII") and the Americans with Disabilities Act ("ADA).[1]

### (Jury Demand)

6. Pursuant to Rule 38 of the Arizona Rules of Civil Procedure, Plaintiff demands a jury trial.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. Plaintiff was a police officer for Defendant City of Goodyear's Police Department for approximately seven (7) years. Approximately four (4) years into her tenure, she was promoted to the rank of Sergeant.

8. Plaintiff performed with competence, distinction, and to Defendant's benefit. In fact, Plaintiff received awards from Defendant for her performance. Her employment

---

[1] Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission in February 2020. She will formally move to add her Title VII and ADA claims to this suit after the administrative review is completed.

1170398.1

with Defendant was without incident until she raised good faith concerns about sex discrimination and Lieutenant Jason Costello's treatment of a female victim during a sexual assault call.

9. In approximately September 2019, Plaintiff complained about sex discrimination in Defendant's hiring process for Deputy Chief of the Police Department.

10. In response to Plaintiff's criticisms, Sergeant Brad Harden wrote a memo disparaging Plaintiff, which was submitted to Police Chief Jerry Geier. Sgt. Harden also attempted to initiate a frivolous Internal Affairs investigation against Plaintiff.

11. In January 2019, Plaintiff responded to a sexual assault call with Lt. Costello. Lt. Costello was dismissive of the victim and interviewed her outside, near the entrance of a grocery store, which created a spectacle. He also insisted on getting the suspect's side of the story before involving the Criminal Investigation Division.

12. On or about February 22, 2019, Plaintiff submitted a memo through her chain of command expressing concern that Lt. Costello treated the female victim differently than the male suspect during the January sexual assault call, which Plaintiff believed violated both Department policy and Maricopa County's Sexual Assault protocol and perhaps state law.

13. Less than two (2) weeks later, Lt. Costello initiated an Internal Affairs investigation against Plaintiff, based on false allegations, in retaliation for the memo. Within weeks, Plaintiff was suddenly subject to four (4) separate retaliatory Internal Affairs

1170398.1

investigations.

14. On April 25, 2019, Defendant issued a Notice of Intent to Discipline that included material changes to Plaintiff's job, including demotion from Sergeant to Officer, removal from the Crisis Negotiation Team, Critical Incident Stress Management Team, and her role as backup Public Information Officer, and probation for one (1) year.

15. Defendant's unrelenting investigations created an intolerable work environment, which in turn caused health issues that eventually forced Plaintiff to resign and seek disability retirement on September 3, 2019.

16. Even after Plaintiff resigned, Defendant continued to pursue Internal Affairs investigations against Plaintiff and reported false allegations to the Maricopa County Attorney and AZ Post. Defendant also interfered with Plaintiff's right to disability benefits.

17. Plaintiff is damaged by the wrongful acts of Defendant and its agents as herein alleged, which damage includes, without limitation, the following:

   a. Lost salary and employment benefits since the date of Plaintiff's forced resignation until she should obtain employment at a similar rate of compensation;

   b. Injury to Plaintiff's long-term employment, reputation, and income potential flowing from the wrongful conduct by Defendant and Defendant's false and defamatory statements; and

   c. Injury from humiliation, trauma, extreme stress, and physical and metal

1170398.1

pain and anguish.

18. The willful and wanton misconduct on the part of Defendant is such that it justifies an award of punitive damages.

19. All allegations of this Complaint are incorporated into each claim for relief.

**FIRST CLAIM FOR RELIEF**
**(Statutory Wrongful Discharge and Violation of Public Policy)**

20. Plaintiff was constructively discharged in violation of the public policy of the State of Arizona.

21. Plaintiff raised good faith concerns with her chain of command about a co-worker's treatment of a sexual assault victim.

22. The conduct outlined above by Defendant and its employees violates Arizona law, including Arizona Constitution art. II, sec. 2.1.

23. Defendant's willful and wanton misconduct is so great that it justifies an award of punitive damages.

24. Plaintiff is damaged by Defendant's willful violation of public policy as hereinabove alleged or as proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Violation of 42 U.S.C. § 1983)**

25. The actions described above deprived Plaintiff of rights, privileges, and immunities provided by the United States Constitution, including, but not limited to, depriving Plaintiff of her free speech rights.

1170398.1

26. In doing the acts alleged above, Defendant acted under the color of state law. Defendant's actions were unprivileged and not subject to any immunity.

27. Defendant knew or should have known the above-alleged conduct violated Plaintiff's clearly established constitutional, civil, and statutory rights.

28. Defendant is fully liable to Plaintiff based on its authority and actual decisions. In addition, such unlawful actions and decisions were based on the policy-making and final decision-making authority of Defendant and were based on the policy, custom and practice of Defendant.

29. The grounds and reasons Defendant offered for Plaintiff's discipline were false and pretextual.

30. Plaintiff is damaged by Defendant's actions as hereinabove alleged or as proven at trial.

### THIRD CLAIM FOR RELIEF
### (Defamation)

31. Defendant's statements regarding the reasons for Plaintiff's discipline, demotion, and forced resignation were false and defamatory in nature. The statements were published of and concerning Plaintiff.

32. Defendant knew or should have known that its statements were false. The statements were defamatory per se. These false statements were made in bad faith and for no legitimate purpose and were known to be false or were made with reckless disregard of the truth. There was actual malice on the part of Defendant in making the false statements.

1170398.1

33. As a result of Defendant's defamatory comments, Plaintiff has suffered emotional distress and injury to her professional reputation.

34. Plaintiff is entitled to damages as hereinabove alleged or as determined at trial.

WHEREFORE, Plaintiff requests Judgment in her favor and against Defendant as follows:

A. For all injunctive and declaratory relief necessary, including a declaration that Defendant's conduct violated A.R.S. § 23-1501 and enjoining Defendant from conduct violating Plaintiff's rights.

B. For actual, consequential and incidental damages as alleged herein or as determined at trial;

C. For punitive damages;

D. For special damages alleged or as proven at trial;

E. For her attorneys' fees and costs incurred in this action pursuant to 42 U.S.C. § 1988.

F. For interest on each element of damage, cost or attorneys' fees at the highest legal rate from the date of such damage, cost or attorneys' fees was incurred until paid; and

G. For such other and further relief as the Court deems just and proper.

1170398.1

DATED this 2nd day of September, 2020.

                              SHIELDS PETITTI, PLC


                              By /s/ Paige C. Pataky
                                  Michael J. Petitti, Jr.
                                  Paige C. Pataky
                                  5090 N. 40th Street, Suite 207
                                  Phoenix, AZ 85018
                                  *Attorneys for Plaintiff*

1170398.1

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
C. Cuellar, Deputy
9/2/2020 2:39:10 PM
Filing ID 11966790

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

**Plaintiff's Attorneys:**
Paige C Pataky
Bar Number: 029951, issuing State: AZ
Law Firm: Shields Petitti, PLC
5090 N. 40th Street, Suite 207
Phoenix, AZ 85018
Telephone Number: (602)718-3330
Email address: pcp@shieldspetitti.com

Michael J Petitti - Primary Attorney
Bar Number: 011667, issuing State: AZ
Law Firm: Shields Petitti, PLC
Telephone Number: (602)718-3330

**Plaintiff:**
Alison Braughton
5090 N. 40th Street, Suite 207
Phoenix, AZ 85018

**Defendant:**
City of Goodyear
190 N. Litchfield Road
Goodyear, AZ 85338

Discovery Tier t2

Case Category: Other Civil Case Categories
Case Subcategory: Employment Dispute - Other

**CV2020-010714**

AZTurboCourt.gov Form Set #4920522

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
9/2/2020 2:39:10 PM
Filing ID 11966791

Person/Attorney Filing: Paige C Pataky
Mailing Address: 5090 N. 40th Street, Suite 207
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (602)718-3330
E-Mail Address: pcp@shieldspetitti.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 029951, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Alison Braughton<br>Plaintiff(s),<br>v.<br>City of Goodyear<br>Defendant(s). | Case No. CV2020-010714<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED** this

By: Paige C Pataky /s/
Plaintiff/Attorney for Plaintiff

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
9/2/2020 2:39:10 PM
Filing ID 11966792

Person/Attorney Filing: Paige C Pataky
Mailing Address: 5090 N. 40th Street, Suite 207
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (602)718-3330
E-Mail Address: pcp@shieldspetitti.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 029951, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Alison Braughton
Plaintiff(s),
v.
City of Goodyear
Defendant(s).

Case No. CV2020-010714

**SUMMONS**

To: City of Goodyear

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #4920522

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *September 02, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *CECILIA CUELLAR*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

**EXHIBIT B**

Kylie C. TenBrook (State Bar #024811)
**PIERCE COLEMAN PLLC**
7730 E. Greenway Road, Suite 105
Scottsdale, AZ 85260
Tel. (602) 772-5506
Fax (877) 772-1025
Kylie@PierceColeman.com
*Attorneys for Defendant City of Goodyear*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| ALISON BRAUGHTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF GOODYEAR,<br><br>　　　　　Defendant. | Case No: CV2020-010714<br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL**<br><br>**(Before The Honorable Timothy Thomason)** |

**To:    Clerk of Court, Superior Court of the State of Arizona,
       County of Maricopa:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant City of Goodyear serves this Notice that it has filed a Notice of Removal of the above-captioned action from this Court to the United States District Court for the District of Arizona. A true and correct copy of the Notice of Removal is attached as Exhibit 1 and is incorporated by reference. As provided in 28 U.S.C. § 1446(d), this Notice effects the removal of this action, and this Court shall proceed no further unless and until this case is remanded.

1

RESPECTFULLY SUBMITTED this 16th day of November 2020.

**PIERCE COLEMAN PLLC**

By /s/ Kylie C. TenBrook
   Kylie C. TenBrook
   7730 E. Greenway Road, Suite 105
   Scottsdale, Arizona 85260
   *Attorneys for Defendant City of Goodyear*

ORIGINAL of the foregoing transmitted for filing this 16th day of November 2020 with the Clerk of Maricopa County Court via AZTurboCourt and a COPY electronically mailed to:

Michael J. Petitti, Jr.
Paige C. Pataky
Shields Petitti, PLC
5090 N. 40th Street, Ste. 207
Phoenix, Arizona 85018
*Attorneys for Plaintiff*

By: /s/Karen M. Chenowth

4843-7835-3106, v. 1

2